UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCE M. ALLEN, | ) Case NO. 19-12117 |
| | ) |
| Plaintiff, | ) Jury Trial Demanded |
| | ) |
| v. | ) |
| | ) |
| CITY OF HAMMOND POLICE DEPARTMENT, CITY OF HAMMOND | ) ) ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, Joyce M. Allen ("Plaintiff"), by her attorney, Natalie Blackman, for her Complaint against Defendant, City of Hammond Police Department ("Defendant"), states as follows:

## NATURE OF THE ACTION

1.

Plaintiff brings this action under the Civil Rights Act of 1964, *42 U.S.C. Section 2000e* et seq., as amended by the Civil Rights Act of 1991 ("Title VII") and Section 1981 of the Civil Rights Act of 1866 to challenge Defendant's unlawful discrimination against her based on her race and gender. Further, Plaintiff seeks relief for retaliation she suffered as a result of the unlawful discrimination.

## JURISDICTION AND VENUE

2.

Jurisdiction is based on *28 U.S.C. §§ 1331* and 1343, and principles of pendent and supplemental jurisdiction.

3.

Venue is proper in the Eastern District of Louisiana pursuant to *28 U.S.C. § 1391*(a) because

Hammond was the location where the incidents took place and where the Defendant is located.

## PARTIES

4.

Plaintiff is a person of majority, citizen of the United States of America, and a resident of the State of Louisiana, in the parish of Tangipahoa. Plaintiff is an African-American female.

5.

Defendant is a police department within the City of Hammond, which is a municipality located in the parish of Tangipahoa, Louisiana. At all times relevant and material herein, Defendant has more than twenty (20) employees, and thus, constitutes an "employer" within the meaning of Title VII.

5.b.

Defendant City of Hammond is a political entity organized under the laws of the State of Louisiana, that can sue and is capable of being sued. The City of Hammond and its council members approved the appointment of the members of the Hammond City Police Department and pay their salaries, and was at all times relevant responsible for conduct of the its employees and their activities through the City of Hammond Police Department.

## FACTUAL ALLEGATIONS

6.

Plaintiff worked for Defendant for twenty-seven years as a police officer. Her title at all times relevant to this complaint was lieutenant. She was the first and only African American lieutenant hired by the city.

7.

During her twenty-seven year tenure with Defendant, Plaintiff was consistently found to be in good standing as an employee and did not have any write-ups in her file.

8.

In 2011, Plaintiff requested additional personnel to work a DWI checkpoint grant.

9.

Assistant Chief of Police Kenneth Corkern (white male) denied her request.

10.

Additionally, Chief of Police Kenneth Corkern stripped Plaintiff of her duties and authority during the checkpoint.

10.b.

Within a couple of days, the same request was granted to Plaintiff's colleague, L.T. Randy Miller, a white male.

10.c.

L.T. Randy requested additional personnel to work a DWI checkpoint.

10.d.

Chief of Police Kenneth Corkern granted L.T. Randy request for additional personnel.

10.e.

L.T. was not stripped of his duties or authority.

11.

Plaintiff thereafter filed an internal grievance within her department with her supervisor, Captain Salvadore Mike, against Assistant Chief of Police Corkern based on the differential treatment.

12.

Plaintiff heard nothing from Human Resources concerning her grievance.

13.

Shortly after filing her grievance, Assistant Chief Corkern filed a frivolous and retaliatory

Internal Affairs complaint against Plaintiff, alleging that Plaintiff was harassing and retaliating against him by filing her internal grievance. Plaintiff was notified of the Internal Affairs complaint by Chief of Police Roddy Devall.

14.

The Internal Affairs complaint placed Plaintiff's job in jeopardy and caused her to be investigated by the Chief Police and Internal Affairs.

15.

Assistant Chief Corkern filed his frivolous and retaliatory Internal Affairs complaint with full knowledge that Plaintiff worked in the Internal Affairs department.

15.a.

In addition, Assistant Chief Corkern filed his frivolous and retaliatory complaint with full knowledge that Internal Affairs complaints are more serious and carry much more consequences than filing an internal grievance as Plaintiff did.

15.b.

However, instead of filing an internal grievance, Assistant Chief Corkern filed an internal grievance.

15.c.

Of further importance, Assistant Chief Corkern not only filed and internal complaint against Plaintiff, but also against the witnesses Plaintiff used in filing her internal grievance.

16.

A month later, Assistant Chief Corkern filed a second Internal Affairs complaint against Plaintiff alleging again that Plaintiff was retaliating against him by filing an internal grievance.

17.

At that point, Plaintiff then filed a Charge of Discrimination with the Equal Employment Opportunity Commission based on race, gender, and retaliation.

18.

Assistant Chief Corkern then began micro-managing Plaintiff's job duties, such as pulling telephone call review logs involving communications with Plaintiff.

18.b.

This went on for months. No other lieutenant was subject to this form of micromanagement and scrutiny by Assistant Chief Corkern.

19.

Pulling and reviewing Plaintiff's telephone call review logs was not a duty of Assistant Chief Corkern. It was a job duty Plaintiff's immediate supervisor, Captain Salvador Mike.

19.b.

Assistant Chief Corkern also began requesting for multiple copies of Plaintiff's personnel file.

20.

At that point, Plaintiff filed an Ethics complaint with the Attorney General Office.

21.

The constant micromanagement and targeting carried on for months.

22.

By December 31, 2012, Plaintiff still had not heard anything from Human Resources regarding the complaint she filed against Assistant Chief Corkern nor had she heard anything form the Attorney General Office; however, the differential treatment continued.

22.

Ultimately, after the continuous retaliation from Assistant Chief Corkern and no interjection from Human Resources, Plaintiff was forced to retire after only 27 years of service, instead of 30 years of service as intended, which adversely affected her monthly retirement, income, and health insurance premiums.

***Defendant Failed to Exercise Reasonable Care To Prevent and Correct Unlawful Conduct***

23.

Defendant's management directed and participated in the unlawful conduct by its failure to prevent and promptly address the above actions of Assistant Chief Corkern. Plaintiff filed her complaint in 2011 and no action had been taken by the time she was force to retire at the end of 2012.

24.

Defendant willfully acted with malice and reckless indifference to Plaintiff's federally protected rights. Defendant allowed Assistant Chief Corkern to retaliate against Plaintiff by its failure to address Plaintiff's complaints.

***Plaintiff Suffered Damage***

25.

As a direct result of Defendant's unlawful conduct, Plaintiff has suffered from emotional distress, humiliation, and mental anguish.

26.

Plaintiff has sustained a substantial loss in present and future wages, employment benefits, and future career opportunities as a result of Defendant's unlawful conduct.

27.

Plaintiff has suffered loss of enjoyment of life, inconvenience and other non-pecuniary losses as a direct result of Defendant's unlawful conduct. In addition, Plaintiff has incurred attorneys' fees and costs based on Defendant's unlawful conduct.

***Punitive Damages***

28.

Defendant acted and/or failed to act with malice or willfulness or reckless indifference to Plaintiff's protected rights. The conduct alleged herein was willful and wanton and justifies an award of punitive damages.

## COUNT I

### GENDER DISCRIMINATION IN VIOLATION OF TITLE VII

29.

Plaintiff realleges paragraphs 6 through 28 and incorporates them by reference herein.

30.

Title VII, specifically 42 U.S.C. Section 2000e-3y, makes it unlawful for an employer to discriminate against any individual because of such individual's gender.

31.

By the conduct alleged herein and explained further below, Upon information and belief, Defendant subjected Plaintiff to discrimination and differential treatment on the basis of her gender.

32.

Plaintiff, an African American woman, was denied the same workplace requests that was granted to her similarly situated male colleague L.T. Randy.

32.

In addition, Defendant's Human Resources Department failed and refused to respond to her complaints about the actions taken by Assistant Chief Corkern.

33.

Furthermore, Plaintiff she suffered an adverse employment action when she was forced to retire after only 27 years of service, instead of 30 years of service as intended, which adversely affected her monthly retirement income and health insurance premiums.

## COUNT II

### RACE DISCRIMINATION IN VIOLATION OF TITLE VII

34.

Plaintiff realleges paragraphs 6 through 33 and incorporates them by reference herein.

35.

Title VII, specifically 42 U.S.C. Section 2000e-3y, makes it unlawful for an employer to discriminate against any individual because of such individual's race.

36.

By the conduct alleged herein and explained further below, Defendant subjected Plaintiff to discrimination on the basis of her race.

36.b

Plaintiff, an African American woman, was denied the same workplace request that was granted to her similarly situated white male colleague L.T. Randy.

37.

In addition, Plaintiff alleges Defendant's Human Resources Department failed and refused to respond to her complaints about the actions taken by Assistant Chief Corkern.

38.

Furthermore, Plaintiff alleges she suffered an adverse employment action when she was forced to retire after only 27 years of service, instead of 30 years of service as intended, which adversely affected the terms and conditions of her employment.

## COUNT III

## RETALIATION

39.

Plaintiff realleges paragraphs 6 through 38 and incorporates them by reference herein.

40.

Title VII, specifically *42 U.S.C. Section 2000e-3*, makes it unlawful for an employer to discriminate against an employee who has opposed an unlawful employment practice or has assisted or participated in another employee's claim of discrimination.

41.

Shortly after Plaintiff filed her internal grievance, Assistant Chief Corkern filed an Internal Affairs complaint against not only Plaintiff, but the witnesses Plaintiff used in her internal grievance as well, causing a chilling effect on not only officers who dared to file grievances but to their witnesses as well.

42.

Assistant Chief Corkern's Internal Affairs Complaint against Plaintiff was based on Plaintiff's filing of her grievance, alleging that Plaintiff filed a grievance in retaliation against him. Thus, the retaliatory nature of his complaint is inherent.

43.

In addition, Assistant Chief Corkern filed an Internal Affairs Complaint against Plaintiff and her witnesses, a much more serious complaint than an internal grievance, with full knowledge that Plaintiff worked in the Internal Affairs department, causing Plaintiff emotion distress, humiliation, and embarrassment.

44.

Plaintiff was additionally subjected to differential treatment after filing her grievance, which eventually affected her employment. Plaintiff was subjected to continuous micromanagement by Assistant Chief Corkern of which none of her coworkers were subjected to. After months of the above differential treatment and having no response to her complaints, Plaintiff was forced to retire three years early.

44.

By the conduct alleged herein, Defendant subjected Plaintiff to unlawful retaliation in violation of Title VII by failing and refusing to respond Plaintiff's complaints of discriminatory conduct by Assistant Chief Corkern and by ultimately forcing Plaintiff to retire after only 27 years of service, instead of 30 years of service as intended, which adversely affected the terms and conditions of her employment.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court find in her favor and against the Defendant as follows:

a. Declare that the acts and conduct of Defendant violate Title VII;

b. Award Plaintiff the value of all loss income and front and/or back pay lost as a result of Defendant's unlawful conduct;

c. Award Plaintiff the value of all future compensation and future benefits she will lose as a result of Defendant's unlawful conduct;

d. Award Plaintiff damages for emotional distress, humiliation, mental anguish, loss of enjoyment of life, and inconvenience;

e. Award Plaintiff compensatory damages;

f. Award Plaintiff punitive damages;

g. Award Plaintiff prejudgment interest;

h. Award Plaintiff reasonable attorneys' fees, costs and disbursements; and

i. Award Plaintiff such other relief deemed just and proper by this Court.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the Amended Complaint.

Respectfully submitted


s/ Natalie Blackman
Natalie Blackman #35662
8550 United Plaza Blvd, Suite 702
Baton Rouge, LA 70802
Phone: (318) 639-4529
Fax: (888) 463-4952

## **CERTIFICATE OF SERVICE**

I certify that on August 9, 2019, I electronically filed the foregoing with the Court's CM/ECF system, which will send a notice of electronic filing to all counsel of record.

s/ Natalie Blackman